# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY,<br><br>          Plaintiff,<br><br>    v.<br><br>LOPEZ, et al.,<br><br>          Defendants. | Case No. 1:15-cv-00138-JLT (PC)<br><br>**ORDER DISERGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION**<br><br>**(Doc. 3)** |

In this action, Plaintiff has stated claims against: (1) Defendant Lopez for pushing him down a flight of stairs in violation of the Fourteenth and Eighth Amendments; and (2) Defendants King, Walters, and Carter for having knowledge of the risks Defendant Lopez pose to Plaintiff and failing to protect him in violation of the Eighth Amendment. (*See* Docs. 1, 8, 9, 10.) Concurrent with the filing of this action, Plaintiff filed an ex parte motion for protective order, temporary restraining order, and for preliminary injunction "to prevent Defendant Jose Lopez's physical abuse of plaintiff, by his physical attack on and intimidation of plaintiff." (Doc. 3.)

Federal courts are courts of limited jurisdiction and are bound, in considering a request for preliminary injunctive relief, by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear

the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

While Plaintiff specifies that he is fearful of retaliation and further attack at the hands of Defendant Lopez, Plaintiff does not identify the relief he desires in his motion, in particular, Plaintiff does not specify what relief he desires to keep him safe from Defendant Lopez. Thus, the motion is not "narrowly drawn" and cannot be evaluated as to whether it is the least intrusive means necessary to correct the violation(s) Plaintiff complains of and is fearful will recur.

Further, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 376 (citation omitted) (emphasis added). Plaintiff has not made this showing. Moreover, a response to a request for preliminary injunction based upon claims such as those made by Plaintiff, requires a response from Defendants is crucial so that the Court can properly evaluate whether the relief sought by Plaintiff is narrowly tailored to achieve the objective.

Finally, though the Court has ordered service of the summons and complaint, the Defendants have not appeared in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Thus, Plaintiff's motion cannot be properly addressed until Defendant Lopez and/or his supervisors have appeared and are parties to this action.

Accordingly, Plaintiff's motion for a general "protective order, temporary restraining order, and for preliminary injunction," filed on February 2, 2015 (Doc. 3), is HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated: **July 8, 2015**             **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE