# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HUSKEY,<br><br>    Plaintiff,<br><br>v.<br><br>LOPEZ, et al.,<br><br>    Defendants. | **Case No. 1:15-cv-00138-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 29)**<br><br>**21-DAY DEADLINE TO FILE STATEMENTS WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL** |

## I. Background

Plaintiff filed a motion for summary judgment on the merits of his excessive force claim against Defendant Lopez and on his claim that Defendant King failed to act to discipline/supervise Defendant Lopez. Fed. R. Civ. P. 56(c). (Doc. 29.) Defendants dispute of that Defendant Lopez pushed or otherwise used force against Plaintiff as well as any resultant injuries Plaintiff allegedly suffered. (Doc. 30.) Because a genuine dispute of fact exists on Plaintiff's claim against Defendant Lopez and Plaintiff failed to meet his burden for summary judgment on his claims against Defendant King, Plaintiff's motion is **DENIED**.

## II. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

*Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987).  The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner.  *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, *Soremekun*, 509 F.3d at 984, and must draw all inferences in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011).  Inferences, however, are not drawn out of the air; a party must produce a factual predicate from which the inference may reasonably be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

**III.    Plaintiff's Claims**

Plaintiff claims Defendant Lopez pushed him down a flight.  He claims Defendant King knew about Lopez's use of excessive force on aging CSH residents but failed to discipline or reprimand him.  (*See* Docs. 8, 9, 10.)

**IV.    Plaintiff's Motion Against Defendant Lopez**

"Persons who have been involuntarily committed are entitled to more considerate

treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982). As such, where there is a dearth of case law on point, Plaintiff is entitled, at a minimum, to those rights provided to inmates confined in penal institution. *McNeal v. Mayberg*, 2008 U.S. Dist. LEXIS 101926 at *3, 2008 WL 5114650 (E.D. Cal. Dec. 3, 2008).

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). However, "[t]he substantive rights of civilly committed persons derive from the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Endsley v. Luna*, No. CV 06-06961-DSF (SS), 2009 WL 789902, at *4 (C.D.Cal. Mar. 23, 2009) ( citing *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Hydrick v. Hunter*, 500 F.3d 978, 994 (9th Cir.2007) ( vacated on other grounds by *Hunter v. Hydrick*, 556 U.S. 1256 (2009) (mem.)); *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (person not criminally convicted may be detained if mentally ill and dangerous but may not be "punished").

An excessive force claim brought by a person, confined in a state institution, who is not a "prisoner" subject to punishment, should be evaluated under the objective reasonableness standard of the Fourteenth Amendment as applied to excessive-force claims brought by pretrial detainees, and not under the Eighth Amendment excessive-force standard. *Andrews v. Neer*, 253 F.3d 1052, 1061 (9th Cir.2001) (citing *Bell*, 441 U.S. at 535). This due process standard recognizes that the state is entitled to hold such a person in custody and that the detainee's confinement raises "concerns similar to those raised by the housing of pretrial detainees, such as

3

the legitimate institutional interest in the safety and security of guards and other individuals in the facility, order within the facility, and the efficiency of the facility's operations." *Andrews*, 253 F.3d at 1061 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir.1989)).

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while in a state detention facility. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). Thus, their right not to be subjected to excessive force must likewise be protected. While the Eighth Amendment is not necessarily applicable for civil detainees who are not being held for punishment, Plaintiff's allegations against Defendant Lopez were found to state a cognizable claim for excessive force under the Eighth Amendment, noting that his allegations surely state a cognizable claim under the Fourteenth Amendment were there legal standards on point. *See* Docs. 8, 9, 10; *see also Farmer v. Brennan*, 511 U.S. 825 (1994) (The Eighth Amendment prohibits those who operate our prisons (and certainly our detention facilities) from using "excessive physical force against inmates."); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.)

Plaintiff's evidence shows that on Saturday, September 28, 2013, he was walking with a resident (Mr. Hollon) to deliver some legal documents to another resident (Mr. Orey) in Unit 8. (Doc. 29, Huskey Decl., ¶¶ 5-6.) Plaintiff went up the stairs and opened the door to Unit 8 where he called for Mr. Orey, but did not enter the unit. (*Id.*) Plaintiff heard someone call for Mr. Orey while he waited at the top of the stars with the door to Unit 8 ajar. (*Id.*, at ¶¶ 7-9.) Defendant Lopez appeared at the window of the nurses' station and waived at Plaintiff; Plaintiff smiled and waved back without entering Unit 8. (*Id.*) As Plaintiff waived, Defendant Lopez left the nurses' station and rapidly approached Plaintiff while angrily swearing at Plaintiff and yelling for Plaintiff to leave because he did not belong on that unit. (*Id.*) A resident of Unit 8 (Mr. Baker) arrived to take the documents from Plaintiff to Mr. Orey as Defendant Lopez approached Plaintiff. (*Id.*, at ¶¶ 10-11.) Before Plaintiff could move or otherwise respond to Defendant Lopez, Defendant Lopez placed his hand on Plaintiff's shoulder and pushed him backward over the top landing and down seven concrete and steel stairs to the first landing. (*Id.*, at ¶¶ 12-13.)

As a result, Plaintiff sustained injuries to his legs, body, and head. (*Id.*, at ¶ 14.) This evidence, which is corroborated by declarations from four other residents (*see* Doc. 29, Baker Decl., Hollon Decl., Orey Decl., Nielsen Decl., pp. 24-32), arguably, meets Plaintiff's burden in moving for summary judgment. *Soremekun*, 509 F.3d at 984.

Lopez reports he was employed as a Psychiatric Technician on Unit 8 at CSH. (Doc. 30, Lopez Decl., ¶2.) Shortly before 1:00 p.m., Plaintiff, whom he neither knew nor recognized came up the stairs and opened the door into Unit 8. (*Id.*) By appearing at the stairway door, Plaintiff was in an unauthorized area in violation of CSH policy. (*Id.*) Defendant Lopez did not waive at Plaintiff; rather he approached and asked Plaintiff to leave the unit and wait outside the hallway. (*Id.*) Plaintiff began cursing and refused both to identify himself and to wait downstairs. (*Id.*) Lopez began to return to the nurse's station but recalled seeing CSH officers downstairs in the hallway, so he went downstairs to talk to them. (*Id.*, at ¶ 3.) As Lopez initially turned to return to the nurses' station, the papers Plaintiff had been holding landed on the floor. (*Id.*) Lopez contends that he walked past Plaintiff down the stairs to find the officers without speaking, touching, pushing, or making any physical contact with Plaintiff. (*Id.*, at ¶4.) Plaintiff was holding the door open as Defendant Lopez passed him to go downstairs. (*Id.*) Lopez did not see or hear Plaintiff trip or fall down the stairs; nor did he see any other patients in Plaintiff's vicinity or at the bottom of the stairwell. (*Id.*, at ¶¶ 4-5.) Lopez found the officers downstairs and asked if they knew Plaintiff so he could write up a report. (*Id.*, at ¶6.) Plaintiff exited the stairwell alone and Lopez and the officers asked for Plaintiff's identification which he initially refused to produce but eventually surrendered. (*Id.*) Plaintiff did not limp and had no visible injuries when he walked away from Defendant Lopez and the officers. (*Id.*, at ¶8.) Lopez prepared a report ("green sheet") on Plaintiff's cursing and returned Plaintiff's identification to staff on Plaintiff's unit. (*Id.*, at ¶7.) Initially, Lopez did not want to file a Serious Incident Report because the interaction was only verbal but staff on Plaintiff's unit wanted a SIR. (*Id.*) Lopez declined, but suggested they prepare a SIR based on Plaintiff's allegations of elder abuse. (*Id.*) Defendants' evidence suffices to create a triable issue of fact whether the interaction between Plaintiff and Defendant Lopez, in the doorway at the top of the stairwell to Unit 8 on September 28, 2013, was

merely verbal, or involved a physical altercation. There is also a dispute as to whether Plaintiff was injured during the incident.

Summary judgment is rarely appropriate when dealing with excessive force claims. "Because [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002); *see also Liston v. County of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997) (as amended) ("We have held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury."). Summary judgment is inappropriate where the parties disagree about the material facts of the event. Thus, Plaintiff is not entitled to summary judgment on his excessive force claim against Defendant Lopez.

### V. Plaintiff's Motion Against Defendant King

When a defendant holds a supervisory position, as King does here, the causal link between him and the claimed constitutional violation must be specifically shown. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff must present evidence to support a finding that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677.

A plaintiff may proceed "against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's

Eighth Amendment rights is sufficient to demonstrate the involvement and the liability of that supervisor; thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not vicariously liable for the culpable action or inaction of his or her subordinates. *Id.*

Plaintiff's claim against King is based on allegations that he had knowledge/notice of Lopez's acts of excessive force against CSH residents via a number of complaints, grievances, and lawsuits filed by other CSH residents over many months, but failed to take disciplinary action or otherwise act to reprimand/correct Defendant Lopez's behavior. (Doc. 1, ¶¶ 29, 34-38.) At screening, the Court construed these allegations leniently to state a cognizable claim. (Doc. 8.)

The only evidence Plaintiff presents regarding his claim that King knew of and acquiesced in Lopez's offensive acts is that he filed numerous complaints against Lopez regarding the September 28, 2013 incident; that King conducted a mock review of the incident which ended in King taking no action against Lopez; and that King "took an active and constructive part in the failure and refusal to protect [Plaintiff] from abuse under color of state law, . . ." (Doc. 29, Huskey Decl, at ¶¶15-17.) Though Plaintiff presents these statements in his declaration, they are conclusory, "uncorroborated and self-serving testimony" which should not be accepted to establish a material fact on summary judgment. *Manley v. Rowley*, 847 F.3d 705, 710-11 (9th Cir. 2017). Because a party's own declaration will nearly always be "self-serving," a court may discount testimony that "states only conclusions and not facts that would be admissible evidence." *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015). The most factually specific declaration statement from Plaintiff asserts that he filed numerous complaints against Lopez regarding the September 28, 2013 incident, but complaints *after* the incident cannot be found to have placed King on notice that preventative measures needed to be taken to protect Plaintiff from Lopez. And, Plaintiff fails to provide any evidence to show that King "had knowledge of and acquiescence" in unconstitutional conduct by Defendant Lopez. *Starr*, 652 F.3d at 1207-08. Plaintiff has thus not met his burden to be entitled to summary judgment on his claim against King.

///

**VI. Order**

1. Because the plaintiff failed to meet his burden on proof, his motion for summary judgment is **DENIED**;

2. The parties **SHALL** file statements **within 21 days** of the date of service of this order whether they believe a settlement conference would be beneficial.

IT IS SO ORDERED.

Dated: __**June 14, 2017**__        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE